**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANPREET KAUR,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-70225<br><br>Agency No. A098-177-106<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 4, 2010
Seattle, Washington

Before: B. FLETCHER and BYBEE, Circuit Judges, and WILKEN, District
Judge.[**]

Petitioner Manpreet Kaur appeals from a final removal order by the Board of

Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of

her claims seeking asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Claudia Wilken, United States District Judge for the
Northern District of California, sitting by designation.

Convention against Torture ("CAT"). Because we find that the IJ's adverse credibility determination was supported by substantial evidence, we deny the petition for review.

We review adverse credibility determinations under the deferential substantial evidence standard of the REAL ID Act of 2005. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). In making a credibility determination, the trier of fact should consider "the totality of the circumstances, and all relevant factors." 8 U.S.C. § 1158(b)(1)(B)(iii).

Here, the BIA agreed with the IJ's determination that Kaur's credibility was undermined by inconsistencies between her application for asylum and her actual testimony. First, her application materials indicated that she was employed by a government high school between June 1994 and June 2002, but she then testified that she worked for a newspaper starting December 2000. She also testified that as part of her prior refugee application in Canada, she had provided articles about political corruption and election fraud in India, which she wrote. The Canadian Refugee Protection Division, however, observed that Kaur had not presented any such documents. Finally, the BIA noted that Kaur failed to provide corroborative documentation in response to the IJ's request that she support the claim that she published articles relating to government or police corruption. Accordingly, we

uphold the BIA's affirmance of the IJ's denial of Kaur's petition on credibility grounds.

Because we deny the petition on credibility grounds, we need not address the IJ's alternate holdings that Kaur would not be eligible for withholding of removal or protection under the Convention against Torture if she were found credible.

**PETITION DENIED.**